# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffery Barnett, | No. CV 1:16-1115-SMM |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| Navient Solutions, Inc., et al., | |
| Defendants. | |

Pending before the Court is the parties', Plaintiff Jeffrey Barnett and Defendant Navient Solutions, Inc. ("NSL"), Stipulation for Protective Order. (Doc. 33.) In support and pursuant to Local Rule 141(b)(1) and (c), the parties state that there is a potentially significant number of documents to be produced by NSL containing the nonpublic personal information of Plaintiff (student loan and various financial documents) and the confidential and proprietary information of NSL, such that document-by-document review of these materials will be impracticable if the case is to proceed in an orderly, timely, and efficient manner. (Id.) Further, the parties state their interest in protecting the confidential personal information of Plaintiff, as well as confidential and commercially sensitive information of NSL pertaining to Plaintiff's account(s) from unnecessary disclosure, and the parties' desire and the benefit to the Court of an orderly and expeditious resolution of this matter on its merits, outweigh any societal interest in disclosure of such materials on the public record. (Id.)

The good cause standard applies when parties seek to protect from public view certain

documents obtained during discovery. For good cause to exist under Federal Rule of Civil Procedure 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. G.M. Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (further citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." San Jose Mercury News Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

The Court finds that the parties' have established good cause for entering this Stipulated Protective Order.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties', Plaintiff Jeffrey Barnett and Defendant Navient Solutions, Inc., Stipulation for Protective Order. (Doc. 33.)

**IT IS FURTHER ORDERED** as follows:

1. "CONFIDENTIAL" Documents, Materials, and Information. This Order shall govern all documents produced by NSL and all written answers, deposition answers, other responses to discovery, and all communications of any kind made by Defendant NSL, its attorneys, consultants, agents, employees, and representatives; and other third parties. "CONFIDENTIAL" materials shall be the documents or information NSL designates under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL" materials derived from such items. NSL may identify any documents or information, including but not limited to discovery materials produced by other parties and initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts of others, as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the parties.

NSL may designate documents or information as "CONFIDENTIAL" to the extent NSL, through counsel, believes "good cause" under Federal Rule of Civil Procedure 26(c) exists to categorize the material as confidential because the material contains or includes: (1) confidential business or technical information; (2) trade secrets; (3) proprietary business methods or practices; (4) any other competitively sensitive confidential information; (5) personal information, including personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; (6) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (7) any other categories that are later agreed to in writing by the parties or ordered by the Court.

2. <u>Designation of "CONFIDENTIAL" Material</u>. NSL shall designate materials as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel that a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the material. Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped "CONFIDENTIAL." Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, by NSL to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated. NSL can remove at any time its designation of "CONFIDENTIAL" from any of the documents or information it previously so designated.

3. <u>Treatment of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts, or notes made

1 therefrom, and any facts or information contained therein or derived therefrom, shall be held 2 in confidence and used by the parties to whom the documents and information are produced 3 solely for the purpose of this case. The parties agree to take reasonable steps to maintain the 4 confidentiality of the documents, information, and testimony relating thereto. During the 5 pendency of this litigation, "CONFIDENTIAL" material, including all copies thereof, shall 6 be retained solely in the custody of the parties' attorneys and shall not be placed in the 7 possession of or disclosed to any other person, except as set forth in this Order, as otherwise 8 agreed upon by the parties, or upon leave of Court. Each person to whom 9 "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited from 10 exploiting in any way such documents or information for his, her, or its own benefit, or from 11 using such information for any purpose or in any manner not connected with the prosecution 12 or defense of this case.

13     4.    <u>"Disclosure</u>." As used herein, "disclosure" or to "disclose" shall mean to 14 divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate 15 "CONFIDENTIAL" material.

16     5.    <u>Permissible Disclosure of "CONFIDENTIAL" Material</u>. Except by order of 17 this Court, or otherwise as required by law, material designated as "CONFIDENTIAL" (and 18 any notes or documents that reflect or refer to such documents and information) shall not be 19 disclosed to any person other than:

20     (a)    A party hereto;

21     (b)    Counsel employed by a party, or an employee of such counsel, to whom it is 22           necessary that the materials be shown or the information known for purposes 23           of this case;

24     (c)    Any employee or agent of a party to whom the "CONFIDENTIAL" materials 25           are shown for the purpose of working directly on or testifying in connection 26           with this litigation at the request of or at the direction of counsel for such 27           party;

28     (d)    A person retained to assist in this action, such as an investigator, independent

|   |     | accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of Exhibit A, which signed acknowledgment shall be retained by the party who has retained such person; |
|---|-----|---|
|   | (e) | This Court (or its employees or agents) pursuant to a court filing in connection with this action; |
|   | (f) | Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper; |
|   | (g) | Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11 below; or |
|   | (h) | A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify at a deposition or trial. If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court. |

6. <u>Review of Own "CONFIDENTIAL" Materials</u>. The restrictions of this Order shall not apply to NSL, and its employees, attorneys, experts, or other authorized agents, when reviewing NSL's own "CONFIDENTIAL" materials.

7. <u>Deposition Transcripts</u>. Deposition testimony and deposition exhibits containing "CONFIDENTIAL" material shall be covered by this Order. During a deposition taken in this matter, NSL, on the record, may designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, NSL may, by written notice to opposing counsel and the court reporter not later than fourteen (14) business days after receipt of the final deposition transcript, designate as "CONFIDENTIAL" any portions of the NSL's deposition testimony or deposition exhibits. Until expiration of the above fourteen (14) day period, all deposition transcripts of NSL will be treated as "CONFIDENTIAL" material unless otherwise agreed to in writing by the parties.

8. <u>Objections to "CONFIDENTIAL" Designations</u>. To the extent that any party

contests a designation under this Order, such party shall object to such designation in writing not later than fourteen (14) business days after receipt of materials designated as "CONFIDENTIAL." The parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. If the parties are unable to reach an agreement regarding the designation, then the party objecting to such designation shall file an appropriate motion with the Court for a ruling that the documents or other information shall not be accorded such status and treatment. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing good cause exists under Federal Rule of Civil Procedure 26(c) to maintain the designation. Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided by this Order. Should the Court rule in favor of the party objecting to the confidentiality designation, the party asserting the designation shall produce a copy of the document(s) without the "CONFIDENTIAL" designation.

9. <u>Disclosing "CONFIDENTIAL" Material</u>. If NSL wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, NSL shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the parties cannot resolve their disagreement with respect to the disclosure of any designated information, then a party may petition the Court for a determination of these issues. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the party's specific petition.

10. <u>Pleadings and Other Court Submissions</u>. Each party agrees that when filing with Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers, or depositions) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's local rules and requirements for filing documents under seal.

If a party filing a non-dispositive motion seeks to file documents under seal, the filing party must show that good cause exists as defined by Federal Rule of Civil Procedure 26(c). If a party filing a dispositive motion seeks to file documents under seal, the filing party must show "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-679 (9th Cir. 2010) (internal quotations and citations omitted).

The parties further recognize the possible need to use documents marked "CONFIDENTIAL" during the trial of this matter. However, the parties agree to take reasonable steps to protect the confidentiality of any trial exhibits so designated to include asking the Court to ensure that any such documents referred to or offered into evidence at trial are filed with the Court under seal.

11. <u>Document Retention</u>. After the conclusion of this matter (including the expiration of all appeals), all originals and reproductions of the "CONFIDENTIAL" materials shall be returned to the producing party within thirty (30) days of such conclusion or be destroyed. Upon request, the party destroying said documents shall certify in writing to the producing party within ten (10) days of such request that destruction of the "CONFIDENTIAL" materials has taken place. Insofar as the provisions of this Order restrict the use of the documents produced hereunder, the Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 13.

12. <u>Admissibility</u>. Nothing in this Order shall be construed to limit any party from producing or introducing any document into evidence at public hearing. Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material. The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

13. <u>Scope of Discovery</u>. Nothing in this Order shall preclude any party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

14. <u>Client Consultation</u>. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of his client, provided, however, that the attorney shall not disclose any material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

15. <u>Discretion of the Court</u>. Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. Notwithstanding any foregoing suggestion to the contrary, the Court shall retain final and complete authority to re-designate any material previously designated as "CONFIDENTIAL" as a public document.

16. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach. The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL" materials, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given that it contains "CONFIDENTIAL" materials, shall not exempt it from the provisions of this Order.

17. <u>Litigation Use Only</u>. All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and whether pursuant to the civil rules of procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

18. <u>Subpoena by Other Court or Agencies</u>. If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify

1 NSL of the pendency of such subpoena or order.

19. <u>Inadvertent Disclosure Protection</u>. Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production. "CONFIDENTIAL" materials inadvertently produced by any party or nonparty through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure. If NSL inadvertently discloses information that is privileged or otherwise immune from discovery, NSL shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof to NSL within fourteen (14) business days of receiving a written request for the return of such item or items of information from NSL.

20. <u>Non-Parties</u>. Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

21. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of materials labeled "CONFIDENTIAL." Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

DATED this 20th day of June, 2017.

_____
Stephen M. McNamee
Senior United States District Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order issued by the United States District Court for the Eastern District of California on [date] in the case of Jeffery Barnett v. Navient Solutions, Inc., Case No. 1:16-cv-01115. I agree to comply with and to be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____